**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
WHAT DO YOU MEME, LLC DBA RELATABLE

Plaintiff,

v.

ZENLIV LIMITED DBA TAIPAN TECH,

Defendant.
------------------------------------------------------------

Civil Action No.: 1:26-cv-9115

## COMPLAINT

The Plaintiff, What Do You Meme, LLC dba Relatable (hereinafter, "Plaintiff") by and for its complaint against Defendant, Zenliv Limited dba Taipan Tech ("Defendant") hereby alleges and states:

## INTRODUCTION

1. This is an action for Copyright Infringement, 17 U.S.C. § 101, et seq. and Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114(1)(a), and for False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125 and for common law trademark infringement under the laws of the State of New York.

## PARTIES

2. Plaintiff, What Do You Meme, LLC dba Relatable, is a limited liability company, located at 625 Broadway, 8th Floor, New York, New York 10012.

3. Upon information and belief, Defendant Zenliv Limited dba Taipan Tech is a Hong Kong corporation with a principal place of business located at 790 Cheung Sha Wan Road, Room 3077, 3F, Lai Chi Kok, Hong Kong 999077.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a), 15 U.S.C. §§1114, §1125 and 17 U.S.C. 101. This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, and Unfair Competition, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because it regularly transacts, does, and solicits business in this judicial district, including by offering to sell, or causing to be offered for sale, and/or selling products and/or services in this district, including the infringing products at issue in this lawsuit, and/or because Defendant has committed tortious acts within this jurisdiction and has caused injury to Plaintiff in this district as alleged further herein.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District and Plaintiff resides in this District.

## FACTUAL BACKGROUND

7. Founded in 2016 in New York City, Plaintiff is an entertainment consumer product company driven by the digital age and inspired by pop culture. Plaintiff's business focuses on

products that customers can relate to — things that make people feel good, get them to hang out together, and just have a good time.

8. Plaintiff has a portfolio that features over 400 unique products, including a wide array of adult party games as well as family-friendly games, kids' games, outdoor games, plush toys, and more.

9. One of Plaintiff's successful lines of goods is its EMOTIONAL SUPPORT line of plush products, which include Plaintiff's EMOTIONAL SUPPORT, EMOTIONAL SUPPORT PALS, EMOTIONAL SUPPORT FRIES, EMOTIONAL SUPPORT DUMPLINGS, EMOTIONAL SUPPORT DUCKIES, EMOTIONAL SUPPORT PICKLES, EMOTIONAL SUPPORT HIGHLAND COWS, and EMOTIONAL SUPPORT CAPYBARAS, among others (collectively the "EMOTIONAL SUPPORT Marks").

10. Plaintiff's EMOTIONAL SUPPORT branded products reached immediate success and quickly reached millions of dollars in sales.

11. Through significant investment in marketing its EMOTIONAL SUPPORT brands of plush toys, including spending millions of dollars in marketing and advertising, Plaintiff has obtained wide public recognition and goodwill for these brands.

12. Some of Plaintiff's popular EMOTIONAL SUPPORT branded products are depicted below:






13. Plaintiff's online and social media marketing efforts for its EMOTIONAL SUPPORT Marks has reached an incredibly broad audience with hundreds of millions of consumer impressions creating secondary meaning that identifies Plaintiff as the source of these products.

14. In addition to its extensive common law rights, Plaintiff is also the owner of US Registration Nos. 7,566,639 for the mark EMOTIONAL SUPPORT PALS, 6,902,855 for the mark EMOTIONAL SUPPORT FRIES, and 7,497,419 for the mark EMOTIONAL SUPPORT, all for stuffed and plush toys. Copies of Plaintiff's Registration Certificates are attached as Exhibit A.

15. Each of Plaintiff's trademark registrations is prima facie evidence of: (a) the validity of the registered mark; (b) the validity of the registration of the mark; (c) Plaintiff's ownership of the mark; (d) Plaintiff's exclusive right to use the registered mark; (e) the fact that the mark is inherently distinctive; and (f) that the mark is not a generic name.

16. Plaintiff is also the copyright owner of several images depicting its EMOTIONAL SUPPORT branded products, as depicted below ("Copyrighted Works").

17. The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

18. Plaintiff is the owner of valid and subsisting United States Copyright Registration Nos. VA 2-420-336, VA 2-442-297, VAu 1-554-750, and VAu 1-592-165 for the Copyrighted Works, issued by the United States Copyright Office and with an Effective Date of Registration of August 30, 2024, January 3, 2025, February 12, 2025, and April 16, 2026, respectively. Attached as Exhibit B is a true and correct copy of the registration certificates for the Copyrighted Works.

19. On information and belief, Defendant is familiar with Plaintiff's EMOTIONAL SUPPORT products and its exclusive rights therein. Despite this knowledge, Defendant has

published, and publicly displayed images (the "Infringing Works"), which are substantially similar to and/or derivative works based on, the Copyrighted Works.

20. On information and belief, the Infringing Works have been made available to the public, including members of the public residing in this District, by Defendant, at least via Defendant's seller page on Amazon.com.

21. Specifically, Defendant is displaying the Infringing Works under the following Amazon ASINs (the "Infringing Web Listings"): B0H44QDYWC, B0GSZ71QKH, B0H455GHNG, B0G6DC6VJM, B0GSZ7P67L, B0FH9VW2YK, B0FX2LR9WR, B0GT49WX2R, B0H3ZVLHMQ, B0GSVMZVFN, B0FH9N9CP9, and B0GSZFXV1Y.

22. Copies of some of the Infringing Works, shown next to Plaintiff's Copyrighted Works, are depicted below:

| **Plaintiff's Registered Image** | **Defendant's Infringing Image** |
|---|---|
|   |   |
|   |   |
|   |   |













23. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Works, and intentionally copied and made derivative works of the Copyrighted Works to create the Infringing Works.

24. That Defendant copied the Copyrighted Works when it created the Infringing Works is evidenced by the striking similarities between the Copyrighted Works and the Infringing Works, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States and the numerous and substantial similarities between the parties' works.

25. Defendant copied the Copyrighted Works without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

26. Defendant did not seek, and pay, for a license to use the Copyrighted Works.

27. After Defendant copied the Copyrighted Works to create the Infringing Works, it exploited the Infringing Works to promote its own products and increase its own sales, thereby securing a financial windfall for the unauthorized use of Plaintiff's property and rights.

28. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Infringing Works. Defendant has never accounted to, or otherwise paid, Plaintiff for its use of the Copyrighted Works.

29. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

30. Following Plaintiff's acquisition of rights in its EMOTIONAL SUPPORT Marks, Defendant has used terms identical or confusingly similar to the EMOTIONAL SUPPORT Marks in connection with identical plush toy products that copied Plaintiff's products.

31. Defendant, as depicted above, has manufactured, imported, marketed and/or sold plush toys that are identical in style and appearance to the plush toys that Plaintiff sells under its EMOTIONAL SUPPORT Marks.

32. Plaintiff's use and rights in its EMOTIONAL SUPPORT Marks predate any trademark rights that Defendant can claim in these marks.

33. Defendant's use of Plaintiff's EMOTIONAL SUPPORT Marks to promote and sell its own plush toy products is without the approval or authorization of Plaintiff.

34. Defendant's continued infringing activity is willful.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
## <u>17 U.S.C. § 501</u>

35. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

36. The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

37. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works.

38. Plaintiff owns a valid copyright registration for the Copyrighted Works, attached as Exhibit A.

39. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution and public display of the Infringing Works, which is copied from, derivative of, and/or substantially similar to Plaintiff's Copyrighted Works, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

40. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendant illegally to obtain profit therefrom.

41. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales deriving from the Infringing Works and products incorporating or embodying the Infringing Work, and an accounting of such profits.

42. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each of Defendant's infringing conduct and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

43. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

44. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

45. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT II**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. §§1114 and 1117**

46. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph.

47. This claim is for trademark infringement against the Defendant for their advertising and offering for sale counterfeit stuffed toy products under the trademarks EMOTIONAL COMFORT & SUPPORT DUMPLINGS, EMOTIONAL COMFORT & SUPPORT DUCK, EMOTIONAL COMFORT & SUPPORT PICKLES, EMOTIONAL COMFORT & SUPPORT

HIGHLAND COW, EMOTIONAL COMFORT & SUPPORT CAPYBARA (the "Infringing Marks").

48. Without the consent or authorization of Plaintiff, Defendant has advertised and used the Infringing Marks on products in a manner such that consumers will believe such products are genuine EMOTIONAL SUPPORT branded products sold by Plaintiff.

49. Defendant is using Infringing Marks without Plaintiff's consent or authorization, in a way which damages the Plaintiff and is likely to cause confusion, mistake, and deception as to the source or origin of the good and services offered by Defendant, giving the impression that the goods offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

50. Defendant's actions constitute infringement of Plaintiff's EMOTIONAL SUPPORT Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Defendant's goods are offered through the same or related trade channels as the Plaintiff's EMOTIONAL SUPPORT branded products.

52. Upon information and belief, Plaintiff's and Defendant's goods are marketed and promoted to the same customers and category of customers.

53. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation, or association of the goods of Defendant.

54. Defendant is willfully infringing Plaintiff's EMOTIONAL SUPPORT Marks.

55. Such use by the Defendant is likely to cause confusion, mistake, or deception as to the Plaintiff's EMOTIONAL SUPPORT Marks.

56. Plaintiff is damaged as a result of Defendant's activities.

57. Defendant's activities, as aforesaid, are in violation of 15 U.S.C. §1114.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

58. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

59. This count is for common law trademark infringement of Plaintiff’s trademark rights in Plaintiff’s EMOTIONAL SUPPORT Marks under the laws of the State of New York.

60. The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its EMOTIONAL SUPPORT Marks. The marks have been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding any rights Defendant could claim in these marks.

61. Plaintiff has extensively used its EMOTIONAL SUPPORT Marks in commerce and has acquired a considerable and valuable goodwill for its marks. Relevant segments of the public have come to associate Plaintiff’s EMOTIONAL SUPPORT Marks with Plaintiff and Plaintiff’s goods.

62. Defendant’s adoption of the highly similar marks contributes to the likelihood that consumers will attribute goods offered under the Infringing Marks as emanating from the Plaintiff.

63. Defendant’s use of the highly similar Infringing Marks for related and confusingly similar goods, as alleged above, is highly damaging to the Plaintiff and its marks.

64. Defendant’s use of the Infringing Marks in conjunction with identical goods as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization,

irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services and/or products sold and offered for sale by Defendant.

65. Defendant's infringement is willful.

66. Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's EMOTIONAL SUPPORT Marks and the goodwill associated with its trademark.

**COUNT IV**
**FALSE DESIGNATION OF ORIGIN AND**
**FALSE ADVERTISING UNDER THE LANHAM ACT**
**15 U.S.C. § 1125**

67. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

68. This count arises under 15 U.S.C. §1125(a).

69. Defendant has used the Infringing Marks in a manner which is likely to cause confusion, mistake, or deception with Plaintiff's EMOTIONAL SUPPORT Marks by virtue of its prominent use thereof in connection with identical goods.

70. Consumers will believe that Defendant's goods in conjunction with the Infringing Marks and the EMOTIONAL SUPPORT Marks are associated with, sponsored, and/or endorsed by the Plaintiff, when in fact they are not.

71. Defendant's use of the Infringing Marks erodes the connection between Plaintiff's EMOTIONAL SUPPORT Marks as being the single source for Plaintiff's goods offered under such marks. The Plaintiff's reputation has thus been and will continue to be subject to the perils

and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

72. Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

73. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products of Defendant.

74. Defendant's use and/or association with Plaintiff's EMOTIONAL SUPPORT Marks constitutes a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant.

75. Defendant's use of the Infringing Marks constitutes false advertising leading consumers to believe that Defendant's goods originate from the Plaintiff when in fact they do not.

76. Defendant's acts under this Count are willful.

**COUNT V**
**UNFAIR COMPETITION UNDER THE LANHAM ACT**
**15 U.S.C. § 1125**

77. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

78. This count is for Unfair Competition in violation of 15 U.S.C §1125(a).

79. Defendant's use of the Infringing Marks without Plaintiff's consent is likely to cause confusion among consumers.

80. Defendant's use of the Infringing Marks unfairly capitalizes on the goodwill associated with the Plaintiff's EMOTIONAL SUPPORT Marks that Plaintiff has built through significant cost and effort.

81. By using terms that are confusingly similar to Plaintiff's EMOTIONAL SUPPORT Marks, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

82. Plaintiff is harmed by Defendant's activities.

83. Defendant's acts under this Count are willful.

84. Defendant's acts constitute unfair competition.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. THAT pursuant to 15 U.S.C. §1116 and the equity jurisdiction of this court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of its goods under the EMOTIONAL SUPPORT Marks, or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's EMOTIONAL SUPPORT Marks.

2. THAT pursuant to 15 U.S.C. §1117, Defendant be directed to pay over to Plaintiff, any and all damages which it has sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

3. THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

4. THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the EMOTIONAL SUPPORT Marks, or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's EMOTIONAL SUPPORT Marks, for the purposes of destruction thereof.

5. THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

6. THAT pursuant to 15 U.S.C. §1117, Defendant be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

7. THAT pursuant to 15 U.S.C. §1117, Defendant be directed to pay over to Plaintiff all of Defendant's profits, and any and all damages sustained by Plaintiff,.

8. THAT pursuant to 15 U.S.C. §1117, Defendant be directed to provide Plaintiff an accounting of all profits that they have obtained by consequence of Defendant's statutory and Common Law Trademark Infringement , Unfair Competition, False Advertising and False Designation of Origin as enumerated herein.

9. THAT because of the willful nature of the infringement, the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117(b).

10. For an award of statutory damages pursuant to 15 U.S.C. § 1117(c).

11. THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

12. That judgment be entered against Defendant and finding Defendant has knowingly and willfully violated Section 501 of the Copyright Act (17 U.S.C. § 501).

13. That judgment be entered against defendant granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

a. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Works and any services, advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

b. reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Works; and

c. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

14. That Defendant be ordered to provide an accounting of Defendant’s profits attributable to Defendant’s infringing conduct, including Defendant’s profits from sales of the

Infringing Works and any services, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

15. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies/inventory of the Infringing Works and any products, advertisements and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

16. That Defendant, at its own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendant's behalf, and any advertisements, products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

17. That Defendant delete all online retail listing for the Infringing Products, including but not limited to the Infringing Web Listings, namely ASINs B0H44QDYWC, B0GSZ71QKH, B0H455GHNG, B0G6DC6VJM, B0GSZ7P67L, B0FH9VW2YK, B0FX2LR9WR, B0GT49WX2R, B0H3ZVLHMQ, B0GSVMZVFN, B0FH9N9CP9, B0GSZFXV1Y, and B0GT3VM69W.

18. Awarding Plaintiff:

a. Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works

or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

b. damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

c. should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

d. Any enhancements of such damages permitted under law; and

e. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 or any other statute or law.

19. For a judgment awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

20. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.

Dated: October 16, 2026
New York, NY

By: S/ Jason R. Wachter
Jason R. Wachter
jwachter@grr.com
Patrick B. Monahan
pmonahan@grr.com
270 Madison Avenue, Suite 1403
New York, NY 10016
212-684-3900

*Attorneys for Plaintiff*